# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ADRIAN CLAIBORNE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     Case No. _____ |
| | : |
| | : |
| PORTFOLIO RECOVERY | : |
| ASSOCIATES, LLC | : |
| | : |
| Defendant. | : |

COMES NOW YOUR PLAINTIFF Adrian Claiborne and files his Complaint for Damages against the Defendant named above and shows the following:

## I. Introduction

1. Portfolio Recovery Associates, LLC sued Adrian Claiborne in Houston County Georgia attempting to collect an alleged consumer debt.

2. Adrian Claiborne retained counsel who notified Portfolio Recovery Associates, LLC of the representation by contacting Tamara Starks (who is in-house counsel for Portfolio Recovery Associates, LLC and represented Portfolio Recovery Associates, LLC in the suit filed against Mr. Claiborne.) Ms. Starks and counsel for Mr. Claiborne had multiple communications.

3. Nevertheless, Portfolio Recovery Associates, LLC continued to contact Adriane Claiborne even though they knew he was represented by counsel.

4.      Portfolio Recovery Associates, LLC was penalized (in the amount of 27 million dollars) by the Consumer Financial Protection Bureau in September of 2015 for Portfolio Recovery Associates LLC's rampant violations of the Fair Debt Collection Practices Act. The actions described herein are a continuation of those abusive practices and demonstrate a pattern and practice of wilful disregard for the rights of consumers.

5.      Defendant's actions are abusive debt collection practices prohibited by federal law, specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 which found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" by debt collectors and those practices "<u>contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.</u>"

## II.   Parties, Jurisdiction, and Venue

6.      Plaintiff is a natural person residing in Houston County, Georgia.

7.      Defendant is a national company with offices and collection centers in various states but actively collect debts from consumers in the Middle District.

8.      Defendant is a Delaware Limited Liability Company that transacts business in the State of Georgia. Defendant is not authorized to transact business in the State of Georgia but does so nevertheless. Defendant maintains offices at 120 Corporate Boulevard, Norfolk, Virginia 23502.

9. Summons and Complaint may be served on Defendant by service on Corporation Service Company, located at Defendant's registered 120 Corporate Boulevard, Norfolk, Virginia 23502.

10. Defendant was in fact doing business in this state at all times relevant to this action through their various collection efforts.

11. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in this judicial district.

12. This Court has subject matter jurisdiction of claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

13. This Court also has supplemental jurisdiction with regard to Plaintiff's state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### III. Law Relevant to Plaintiff's Claims

15. The FDCPA was enacted to protect individuals from abusive debt collection practices because Congress found such practices were rampant in the debt collection industry.

16.  Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

17.  Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

18.  Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

19.  Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

20.  Similarly, Georgia's Fair Business Practices Act ("GFBPA") was enacted to protect the consumer marketplace from false, deceptive, or misleading acts:

> [The purpose of the GFBPA] shall be to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies.

O.C.G.A. § 10-1-391

21.     The GFBPA, O.C.G.A. § 10-1-399(a), provides:

Any person who suffers injury or damages as a result of . . . consumer acts or practices in violation of this part, . . . or whose business or property has been injured or damaged as a result of such violations may bring an action individually, but not in a representative capacity, against the person or persons engaged in such violations under the rules of civil procedure to seek equitable injunctive relief and to recover his general and exemplary damages sustained as a consequence thereof in any court having jurisdiction over the defendant; provided, however, exemplary damages shall be awarded only in cases of intentional violation. [. . .]

22.     A violation of the FDCPA is a violation of Georgia's Fair Business Practices Act. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

23.     At all times relevant to this complaint, the Plaintiffs were and are "persons" as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

24.     At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

25.     The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.
> *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10.

26. The purpose of the TCPA is to prevent consumers from receiving robocalls or autodialed calls on the consumers' cell phones.

## IV.  Factual Allegations

### The alleged debt is a consumer debt

27. At all times relevant to this Complaint, Defendant was seeking to collect a debt allegedly owed to US Bank NA.

28. The alleged debt was for consumer purposes.

29. Defendant was acting as debt collectors while attempting to collect the alleged debt.

30. The alleged debt was in default at the time Defendant acquired the debt and at the time Defendant attempted to collect the alleged debt.

### Defendant files suit against Claiborne

31. On or about November 4, 2015, the Defendant filed suit against the Plaintiff.

32. On or about November 5, 2015, Plaintiff was served with the complaint.

33. On January 22, 2016, a Default Judgement was entered against the Plaintiff.

34. Subsequently, Plaintiff retained counsel.

35. On February 1, 2016, counsel for Plaintiff contacted Tamara Starks and informed her that he represented Mr. Claiborne.

36. Over the next few days, counsel for both sides exchanged multiple emails.

37. On February 12, 2016, Plaintiff's counsel sent a demand letter to Portfolio Recovery Associates, LLC. A true and accurate copy of the February 12, 2016 demand letter is attached hereto as Exhibit "A."

38. On March 21, 2016, Portfolio Recovery Associates, LLC sent a letter directly to Mr. Claiborne. That letter is attached hereto as Exhibit "B."

39. Since that date, Portfolio Recovery Associates, LLC has repeatedly called Mr. Claiborne's cell phone.

40. These calls have been from an automated dialer.

41. These calls have also been without Mr. Claiborne's consent and while Portfolio Recovery Associates, LLC knew Mr. Claiborne was represented by an attorney.

42. Defendant violated 15 U.S.C. § 1692 by contacting the Plaintiff on multiple occasions despite knowing he was resented by an attorney.

43. Defendant placed one or more calls to Plaintiff's cellular phones knowing it did not have permission to do so via an automated dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

## V. Damages

44. Congress enacted the FDCPA to protect consumers from widespread abuse by sophisticated debt collectors. Similarly, the TCPA was enacted to protect individuals from being called on their cellular phones via automated dialing systems without express permission to make such calls.

45. Plaintiff suffered actual injuries the FDCPA and TCPA seek to prevent, to wit:

   a) Plaintiff was harassed despite Defendant knowing he was represented by an attorney;

   b) Plaintiff suffered mental distress because of Defendant's violations of the FDCPA and TCPA;

   c) Plaintiff suffered an invasion of a statutory right because of Defendant's violations of the FDCPA, and;

46. Plaintiff has Article III standing to bring these claims against the Defendant.

### Count I – Violations of the FDCPA

47. Paragraphs 1 through 45 are incorporated herein by reference.

48. By reason of the foregoing, Defendant violated the FDCPA communicating and attempting to communicate with a consumer it knew to be represented by an attorney, in violation of 15 USC § 1692 *et seq*.

49. Defendant's actions were intended to cause the Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

50. Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

51. Plaintiff is entitled to recover statutory damages in an amount to deter such future conduct by the Defendant in an amount to be determined by the trier of fact but in excess of $500.00.

52. Plaintiff is entitled to recover his attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

### Count II – Violations of the TCPA

53. Paragraphs 1 through 52 are incorporated herein by reference.

54. Within the four-year period immediately preceding this action, the Defendant made numerous calls to the Plaintiff's cellular telephones using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

55. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

56. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

57. Defendant did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

58. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

## Count III – Violations of the GFBPA

59. Paragraphs 1 through 57 are incorporated herein by reference.

60. By reason of the foregoing, Defendant violated the GFBPA by violating the FDCPA.

61. Defendant's actions harm the consumer marketplace because they unfairly place consumers at a disadvantage.

62. Defendant is liable to the Plaintiff for its violations of the GFBPA.

63. Defendant's violations are willful and intentional authorizing the trebling of damages.

64. Plaintiff is entitled to recover from the Defendant three times his actual and statutory damages.

65. Plaintiff is entitled to recover from the Defendant his attorneys' fees and expenses of litigation.

### **Count IV - Negligence**

66. Paragraphs 1 through 64 are incorporated herein by reference.

67. By reason of the foregoing, Defendant is liable for the negligence of its employees, attorneys, and agents resulting in the Plaintiff's damages as alleged herein.

68. Defendant had various duties under Georgia and federal law to treat the Plaintiff fairly and in a manner that was not abusive.

69. Defendant breached those duties as alleged herein.

70. Defendant's conduct and omissions are the proximate cause of the damages suffered by the Plaintiff in an amount to be determined by the trier of fact.

## Demand for a Jury Trial

71. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual and statutory damages in an amount in excess of $350.00;

b) The trebling of actual and statutory damages for Defendant's intentional violations of the GFBPA;

c) The award of costs and reasonable attorney's fees pursuant to the GFBPA, O.C.G.A § 10-1-399(d), and FDCPA in an amount to be proven at trial but in excess of $3,000.00;

d) Statutory damages of $500-$1500 for each violation of 47 U.S.C. § 227(b)(3)(B).

e) Pre- and post-judgment interest, if applicable;

f) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted this 12th day of February, 2017.

/s/  Ronald Edward Daniels
Ronald Edward Daniels
Georgia Bar No. 540854

DANIELS LAW LLC
P.O. BOX 1834
Perry, Georgia 31069
Tel. 478-227-7331
ron@dlawllc.com                    ATTORNEY FOR PLAINTIFF

        /s/ Clifford Carlson
        Clifford Carlson
        Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com         ATTORNEY FOR PLAINTIFF

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA            )

                                               ) ss

COUNTY OF HOUSTON           )

Pursuant to 28 U.S.C. § 1746, Plaintiff Adriane Claiborne, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____February_____ _____12_____, _____2017_____
                                  Month                      Day                Year

_____
Signature