

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: PORTFOLIO RECOVERY ASSOCIATES,
LLC, TELEPHONE CONSUMER PROTECTION
ACT (TCPA) LITIGATION    MDL No. 2295

**TRANSFER ORDER**

**Before the Panel:**[*]  Plaintiffs in the three actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring their actions to MDL No. 2295. Portfolio Recovery Associates, LLC opposes the motions.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions transferred to MDL No. 2295, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like plaintiffs in the MDL No. 2295 actions, plaintiffs in these three actions allege that Portfolio violated the TCPA by placing debt collection calls to their cellular telephones using an autodialer, without their consent. *See In re: Portfolio Recovery Assoc., LLC, Tel. Consumer Prot. Act. Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011).

Plaintiffs argue that their actions are unique from the actions involved in the recently-approved MDL No. 2295 class settlement. Specifically, plaintiffs argue that the alleged calls were placed after Portfolio agreed to stop using an Avaya Proactive Contact Dialer under a consent decree entered into in MDL No. 2295 in April 2016. We are not persuaded by this argument. The settlement class definition does not include a particular type of autodialer. Moreover, many of the MDL No. 2295 complaints do not specify the dates on which Portfolio allegedly placed calls to plaintiffs' cellular telephones and, therefore, it may be that other actions also involve calls placed in the same time frame as those in these three actions. The transferee judge is in the best position to determine whether particular claims are sufficiently related to the initially-centralized MD No. 2295 actions to remain in centralized proceedings. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012). If the transferee judge determines that remand of any claims is appropriate, procedures are available to accomplish this with a minimum of delay. *See* Panel Rules 10.1, 10.2.

Plaintiff in the *Claiborne* action also argues that his action is unique because he alleges Portfolio violated the Fair Debt Collection Practices Act (FDCPA) by contacting a party known to be represented by counsel. We have held that Section 1407 "does not require a complete identity or even majority of common factual and legal issues." *In re: Satyam Computer Servs., Ltd., Sec.*

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

-2-

*Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010). Indeed, the Panel has transferred several actions alleging claims under the FDCPA to MDL No. 2295, and many actions involve some unique issues. *See, e.g.,* Transfer Order (*McCormick*), MDL No. 2295, ECF No. 55 (J.P.M.L. Jun. 8, 2012) (rejecting plaintiffs' argument that their action is unique because they allege revocation of consent, rather than an absence of consent).

Plaintiffs also variously argue that, at this stage in the proceedings, the benefits of centralization are outweighed by the disadvantages, and the parties can benefit from discovery produced and rulings made in MDL No. 2295 without Section 1407 transfer. In light of the litigation's current posture, and absent an indication from the transferee judge that pretrial proceedings are coming to an end, we are persuaded that efficiencies still are achievable from continued centralized proceedings. The transferee judge intends to appoint new lead and liaison counsel for the remaining actions, and formal discovery has not yet begun. Transfer of these actions therefore will prevent duplicative discovery and possibly inconsistent pretrial rulings and streamline pretrial proceedings, resulting in the just and efficient conduct of the litigation.

Finally, plaintiffs argue that transfer will cause inconvenience and delay. But the Panel has held repeatedly that, while it might inconvenience some parties, transfer of an action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). The transferee judge can structure proceedings so as to minimize inconvenience to any individual party.

IT IS THEREFORE ORDERED that these actions are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable John A. Houston for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: PORTFOLIO RECOVERY ASSOCIATES,
LLC, TELEPHONE CONSUMER PROTECTION
ACT (TCPA) LITIGATION**     MDL No. 2295

## SCHEDULE A

<u>Middle District of Georgia</u>

CLAIBORNE v. PORTFOLIO RECOVERY ASSOCIATES LLC, C.A. No. 5:17-00065

<u>Western District of Michigan</u>

VSETULA v. PORTFOLIO RECOVERY ASSOCIATES, LLC, C.A. No. 1:17-00043
VANCE v. PORTFOLIO RECOVERY ASSOCIATES, LLC, C.A. No. 1:17-00110